IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:04-CR-119 |
| ) | (PHILLIPS/SHIRLEY) |
| WILLIAM T. HENDRICKS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the undersigned on April 28, 2005, for a competency hearing and arraignment. Assistant United States Attorney Steve Cook appeared on behalf of the government. Attorney Douglas Trant appeared on behalf of the defendant, who was also present.

On March 1, 2005, the Court ordered [Doc. 23] the defendant to submit to an outpatient mental examination by Dr. Bruce Seidner, the report of which is to aid the Court in determining the defendant's competency to stand trial. The Court received Dr. Seidner's report from this examination on April 12, 2005. At that time, the Court directed the defendant to see his doctors in order to get them to coordinate comprehensive treatment for him. At the April 28 hearing, the defendant reported that he had seen Drs. Albiston and Wilson and had an appointment to see Dr. Hogan. Also, he is now taking Seroquel and Restoril. The Court decided to continue the competency hearing to **June 30, 2005, at 2:30 p.m.**, to allow the defendant to continue medical

1

treatment, including permitting time for his new medications to reach a therapeutic level. The parties did not object to a continuance of the competency hearing.

Defense counsel made an oral motion to continue the May 19, 2005 trial in order to allow for time to determine the defendant's competency. The government agreed with the need for the continuance and both parties agreed that all the time leading up to the new trial date was fully excludable under the Speedy Trial Act.

The Court finds the defendant's oral motion to continue the trial to be well-taken. The Court has ordered that the defendant undergo an outpatient mental examination to determine his competency to stand trial. Following the receipt of the report from this examination, which suggests that the defendant might need medication, the Court ordered the defendant to see his doctors, who have now prescribed medication for him. The Court finds that additional time is necessary for the defendant to be examined by Dr. Hogan and for his medication to reach a therapeutic level. Delay occasioned by "any proceeding, including any examinations, to determine the mental competency . . . of the defendant" is excludable time under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(A). The Court has reset the competency hearing to June 30, 2005.

Additionally, the Court finds that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The trial of this matter is currently set for May 19, 2005. The Court notes that the issue of the defendant's competency will not be resolved by that date. The Court finds that requiring the defendant to proceed to trial before the issue of his competency is resolved would be a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(B)(i). Moreover, if the defendant is found competent, the parties will still need time to prepare for trial. Thus, the Court finds that the failure

2

to grant the defendant's requested continuance would deprive both parties of the reasonable time necessary to complete the mental examination and prepare for trial despite their exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). Indeed, the Court finds that all of this cannot take place in less than three months. Accordingly, the Court **GRANTS** the defendant's oral motion to continue the trial and resets the trial for **August 2, 2005**.

The Court finds and the parties agree that all the time between the April 28, 2005 hearing and the new trial date of August 2, 2005, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(A), -(8)(A)-(B). With regard to other scheduling in the case, the Court will set a new pretrial conference date at the June 30, 2005 competency hearing if one is deemed necessary.

Accordingly, it is **ORDERED**:

(1) The defendant's oral motion for a continuance is **GRANTED**;

(2) The trial of this matter is reset to commence on **August 2, 2005, at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the **April 28, 2005** hearing and the new trial date of **August 2, 2005**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein; and

(4) The parties are to appear before the undersigned on **June 30, 2005, at 2:30 p.m.,** for a competency hearing.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.    
United States Magistrate Judge

3